CITY OF SAPULPA et al. v. RAY.

No. 30704. March 23, 1943.

*135 P. 2d 484.*

Dan Odell, of Sapulpa, for plaintiffs in error.

Leroy J. Burt, of Sapulpa, for defendant in error.

CORN, C. J. This is an appeal by the defendants from a judgment rendered against them upon the verdict of a jury in favor of the plaintiff, in an action for damages on account of personal injuries alleged to have been sustained by the plaintiff in a car accident wherein the car in which the plaintiff was a passenger collided with the car driven by the defendant Isaac Bristow, who was an employee of the city of Sapulpa, the other defendant in the case. It is alleged that the plaintiff's injuries resulted from the negligence of Bristow in the operation of the car he was driving, and liability against the city of Sapulpa is sought to be established under the doctrine of respondeat superior. For convenience the parties are referred to herein as they appeared in the original action in the trial court.

The defendants contend that the trial court erred in giving to the jury instruction No. 7, which was prejudicial to the rights of the defendants by placing a burden upon them not placed there by law or by the issues in the case.

The record discloses that the plaintiff admitted in her reply that Garland Anthony, who was driving the car in which she was riding when injured, was acting for her in operating the car, and this fact being admitted and not being an issue in the case, no proof was made or attempted to be made by the defendants as to the capacity in which Anthony was acting in driving the car in which plaintiff was riding. But the trial court, by instruction No. 7, instructed the jury as follows:

"You are told, gentlemen of the jury, that it is the law that a mere guest riding in an automobile is not chargeable with the negligence of the person operating the car in which such guest is riding, unless you find from a preponderance of the evidence that the driver was acting in the capacity of an agent or servant to her, the plaintiff, or that she and the driver of the automobile, Garland Anthony, were engaged in a joint enterprise, and by that I mean that the said Garland Anthony was driving said automobile at the request and for the use and benefit of the plaintiff, both embarked upon a journey for the purpose of accomplishing some result for their joint benefit.

"But in this connection, before you can return a verdict against the defendants, or either of them, you must find by a preponderance of the evidence that the defendants were guilty of negligence which produced the injuries complained of."

There was no occasion for instructing the jury that a guest riding in an automobile is not chargeable with the negligence of the person operating the car, as that was not an issue in the case; nor that the jury must find by preponderence of the evidence that the driver was acting as the servant or agent of the plaintiff, or that plaintiff and the driver were engaged in a joint enterprise before the plaintiff could be charged with the negligence of the driver, as agency was admitted and the defendants offered no proof upon the undisputed fact. This instruction must have been confusing to the jury, and it is obvious that the jury could have received the impression from it that the plaintiff could recover irrespective of the negligence, if any, on the part of the driver of the car in which she was riding when injured.

An instruction would have been appropriate under the circumstances instructing the jury that it was admitted that the driver was acting as agent of the plaintiff in driving the car, and that if they found that the driver was negligent in operating the car, and that such negligence contributed to the plaintiff's injuries, she was chargeable therewith and could not recover for such injuries.

304

We think the instruction complained of was erroneous and harmful and constituted reversible error, and that the judgment and verdict should be set aside and a new trial granted.

The question whether there is liability of the city under the facts shown in the record is argued at length. We need not determine that question, as upon another trial the record showing of facts may or may not be exactly the same.

The judgment is therefore reversed and the cause remanded for a new trial.

GIBSON, V. C. J., and RILEY, OSBORN, BAYLESS, WELCH, and DAVISON, JJ., concur. HURST and ARNOLD, JJ., dissent.